UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHEILA A. UMBRIGHT, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:11CV1088 JCH |
| ) | |
| CHASE HOME FINANCE, LLC, ) | |
| ) | |
| Defendant(s). ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment, filed April 9, 2012. (ECF No. 34). The motion is fully briefed and ready for disposition.

## BACKGROUND

On December 18, 2007, Plaintiff executed a Promissory Note and Deed of Trust in favor of American Mortgage Network. (Defendant's Statement of Uncontested Facts in Support of its Motion for Summary Judgment ("Defendant's Facts"), ¶ 1). Defendant is the current holder of the Note and Deed of Trust. (Id., ¶ 2).

According to Plaintiff, in October, 2008, she learned of a federal program designed to reduce owners' monthly mortgage payments. (Plaintiff's Petition in Equity to Cancel Contract, Fraudulent Representations and Breach of Contract ("Complaint" or "Compl."), ¶ 5). Plaintiff maintains her application process for the program was complicated by the fact that Defendant's employees were, "poorly trained, rude, unskilled and incompetent in dealing with the public on financial matters like plaintiff here." (Id., ¶¶ 6-9). On April 4, 2009, Defendant sent Plaintiff a letter indicating that she was in default under the terms of the Note and Deed of Trust. (Defendant's Facts, ¶ 3 and attached

Exh. D).[1] Defendant eventually attempted to assist Plaintiff in avoiding foreclosure in May, 2009, by offering her a trial loan modification. (Defendant's Facts, ¶ 4). Pursuant to the terms of the trial loan modification, Plaintiff was permitted to make lower mortgage payments during the time period that Defendant processed her application for a permanent loan modification. (Id., ¶ 5). On March 11, 2010, however, Defendant informed Plaintiff that she did not qualify for a permanent loan modification, as follows:

> We are unable to offer you a Home Affordable Modification because you are less than sixty (60) days past due on your mortgage loan and after reviewing the financial information you provided us we have determined that you are not at risk of default because you have significant equity in your Property that should permit you the ability to refinance your Loan.

(Defendant's Facts, ¶ 6 and attached Exh. F).

Plaintiff asserts that in May, 2010, she received a letter from a person wishing to buy her home, because it was in foreclosure. (Compl., ¶ 12). Plaintiff maintains Defendant failed to notify her that a foreclosure of her home was scheduled for June 19, 2010. (Id., ¶ 13). Plaintiff therefore contacted South & Associates, attorneys for Defendant, in an effort to prevent the foreclosure. (Id., ¶ 14). The foreclosure did not go forward, and on June 21, 2010, South & Associates, on behalf of Defendant, sent Plaintiff a reinstatement quote.[2] (Defendant's Facts, ¶ 8). Specifically, South & Associates advised that if Plaintiff were to pay in full by June 28, 2010, the reinstatement amount

---

[1] Plaintiff denies she was in default, claiming instead that she made timely payments until the instant lawsuit was filed. (Plaintiff's Answers to Defendant's Statement of Uncontested Facts ("Plaintiff's Response to Defendant's Facts"), ¶ 3).

[2] Plaintiff denies that she was delinquent on any payments, or in need of a "reinstatement." (Plaintiff's Response to Defendant's Facts, ¶ 9).

would be $7,550.21. (Defendant's Exh. G).[3] Plaintiff did not send in the required funds to reinstate her loan; instead, she simply continued making her monthly payments. (Defendant's Facts, ¶¶ 9, 10).

According to Plaintiff, on March 3, 2011, Defendant returned her February monthly payment, stating as follows: "Chase cannot accept this payment because of the following reason. Due to status of account, unable to accept funds." (Compl., ¶ 15 and attached Exhs. D, E). On April 1, 2011, Defendant sent Plaintiff another reinstatement quote, stating the amount due to reinstate the Loan was $8,301.80. (Compl., attached Exh. F).[4] On May 4, 2011, Defendant offered Plaintiff another loan modification application with a trial payment plan, but Plaintiff did not return this application to Defendant. (Defendant's Facts, ¶¶ 12-13).

On May 6, 2011, Plaintiff filed her Complaint in the Circuit Court of St. Louis County, Missouri. (Notice of Removal, P. 1). Defendant JPMorgan Chase Bank, National Association, successor by merger to Chase Home Finance, LLC, removed Plaintiff's Complaint to this Court on June 16, 2011. (Id.). In Count I of her Complaint, Plaintiff seeks cancellation of her refinancing agreement and loan. (Compl., ¶¶ 17-23). In Count II, Plaintiff requests leave to escrow her monthly mortgage payments with the Court. (Id., ¶¶ 24-26). In Count III, Plaintiff asserts negligent infliction of emotional distress, and in Count IV, Plaintiff asserts a violation of the Missouri Merchandising Practices Act, Mo.Rev.Stat. § 407.010 et seq. (Id., ¶¶ 27-34).

As stated above, Defendant filed its Motion for Summary Judgment on all Counts on April 9, 2012. (ECF No. 34). In her response to Defendant's motion, Plaintiff withdrew Count I of her

---

[3] This reinstatement amount consisted of $466.09 in late charges, $6,068.34 in late payments, $28.00 for property inspection/maintenance, and $987.78 in foreclosure fees and costs. (Defendant's Exh. G).

[4] This reinstatement amount consisted of $466.09 in late charges, $6,742.60 in late payments, and $1,093.11 in "corporate advances." (Plaintiff's Exh. F).

Complaint. (ECF No. 37, P. 2). Plaintiff further requested leave to amend Count III, but that request was denied on May 7, 2012. (Id.; ECF No. 40).

## SUMMARY JUDGMENT STANDARD

The Court may grant a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

A moving party always bears the burden of informing the Court of the basis of its motion. Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. Anderson, 477 U.S. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. Anderson, 477 U.S. at 255. The Court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. Id. at 249.

## DISCUSSION

**I.     Count III**[5]

A stated above, in Count III of her Complaint Plaintiff seeks to hold Defendant liable for the negligent infliction of emotional distress. (Compl., ¶¶ 27-29). Specifically, Plaintiff maintains that Defendant caused her emotional distress when it terminated her loan and began foreclosure proceedings, despite the fact that Plaintiff had made timely monthly payments on her mortgage. (Id.). Plaintiff asserts that as a result of Defendant's actions, her physical and emotional condition has deteriorated as, among other things, her credit rating was destroyed, she was forced to change jobs due to stress, and she was forced to see her family physician for severe depression and anxiety attacks. (Id., ¶ 29).

In its Motion for Summary Judgment, Defendant asserts Plaintiff's claim for negligent infliction of emotional distress is "fatally flawed," because she fails to provide any evidence of a medically diagnosable and significant injury. (Memorandum in Support of Defendant's Motion for Summary Judgment ("Defendant's Memo in Support"), P. 5). Specifically, Defendant maintains that during discovery Plaintiff failed to identify a medical expert, and failed to provide medical records to establish any injury, much less the severe injury required under Missouri law. (Id.).

In Missouri, "[w]here the plaintiff is a direct victim of the defendant's negligence and seeks damages for emotional distress, the plaintiff is required to prove two additional elements: (1) the defendant should have realized that his conduct involved an unreasonable risk of causing the distress and (2) the emotional distress or mental injury must be medically diagnosable and must be of sufficient severity so as to be medically significant." Biersmith v. Curry Ass'n Management, Inc., 359

---

[5] As noted above, in her response to Defendant's motion Plaintiff withdrew Count I of her Complaint. (ECF No. 37). With respect to Count II, the Court agrees with Defendant that to date Plaintiff has neither escrowed any of her monthly mortgage payments, nor sought any other relief with the Court. The Court thus begins its discussion with Count III.

S.W.3d 84, 88 (Mo. App. 2011) (internal quotation marks and citation omitted).  Furthermore, "Missouri law requires an expert establish causation of medically diagnosable distress....Without expert testimony, this claim [of negligent infliction of emotional distress] is invalid under Missouri law." Bi-Rite Petroleum, Ltd. v. Coastal Refining & Marketing, Inc., 282 F.3d 606, 609 (8th Cir. 2002) (citing Soper v. Bopp, 990 S.W.2d 147, 157 (Mo. App. 1999)).  See also Turner v. Iowa Fire Equipment Co., 229 F.3d 1202, 1210 (8th Cir. 2000) (citation omitted) ("Under Missouri law, emotional distress injuries are considered 'sophisticated' ones, outside the realm of lay understanding. Those injuries must be established through expert testimony as well.").

With her response to Defendant's Motion for Summary Judgment, Plaintiff attaches her First Answers to Defendant's First Set of Interrogatories, in which she claims to have suffered major health issues stemming from Defendant's actions, including anxiety attacks, sleepless nights, depression, missed work, severe headaches, and lack of focus.  (ECF No. 38-2, P. 6).  Plaintiff claims to have been prescribed several medications intended to address her health issues, and further provides the names of three medical doctors she allegedly has visited in the last four years.  (Id., PP. 8-9).  Finally, in her Answers Plaintiff indicates that she was in the process of collecting her medical records, and would forward them when received.  (Id., P. 6).[6]  Under these circumstances, the Court finds a question of fact remains with respect to whether Plaintiff has sufficient proof to support her claim of negligent infliction of emotional distress, and so this portion of Defendant's Motion for Summary Judgment must be denied.

## II.    Count IV

---

[6] While there is no indication in the record as to whether the medical records were ever forwarded, the Court finds no evidence Defendant filed a Motion to Compel seeking to obtain the documentation.

As stated above, in Count IV of her Complaint Plaintiff alleges a violation of Missouri's Merchandising Practices Act ("MMPA"), Mo.Rev.Stat. § 407.010 et seq. (Compl., ¶¶ 30-34). The MMPA prohibits the "act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce." Mo.Rev.Stat. § 407.020.1. In its Motion for Summary Judgment Defendant asserts Plaintiff's claim must be denied, as Plaintiff fails to offer any evidence of a false representation or deceptive act under the MMPA. (Defendant's Memo in Support, P. 6). Defendant continues to assert its actions were in fact lawful; in other words, because Plaintiff was in default, Defendant had every right to refuse her payments and initiate foreclosure proceedings. (Id.).

In support of its request for summary judgment Defendant offers Exhibit C, purportedly Plaintiff's Payment History, which Defendant maintains demonstrates Plaintiff's failure to make timely payments. Upon review, however, the Court finds itself unable to interpret Defendant's Exhibit C fully. For example, it is unclear why, after Plaintiff's November 1, 2008, payment, her account is "paid to" December 9, 2008, but after her January 30, 2009, payment, the account is paid only to December 1, 2008. As another example, in a supplemental affidavit Defendant's witness Thomas E. Reardon attests as follows: "The column on Exhibit C marked 'UAF' stands for unapplied funds and is a suspense account. This means that funds were received from the borrower but for various reasons were placed in a suspense account and were not applied to the principal, interest, escrow, and/or fee balances." (ECF No. 46-1, P. 2). Mr. Reardon never divulges the specific reasons various payments made by Plaintiff were not credited to her balances, however, and without such information the Court cannot find as a matter of law that she was late in her required payments. The Court thus

finds it inappropriate to grant summary judgment on this basis, as there remains an issue of fact with respect to whether Plaintiff was in default on her loan obligations.

Defendant next asserts Plaintiff fails to provide any evidence of damages caused by Defendant's actions. (Defendant's Memo in Support, P. 6). As stated above, however, with her response Plaintiff attaches her First Answers to Defendant's First Set of Interrogatories, forwarded to Defendant on March 19, 2012, which provide in relevant part as follows:

**INTERROGATORY NO. 7:**

State all facts that support your contention in Paragraph 21 that "[d]ue to Chase's breach of the agreement and its negligent acts and conduct plaintiff has incurred legal expenses that should be paid by Chase.

**ANSWER:**

I have battled for three plus years with No results in resolving the foreclosure. In February, 2011 I received a letter from Chase that they closed my account. Again I had been paying full payments. Then I came to Mr. Johnson's office for help!

**INTERROGATORY NO. 8:**

State all damages you allege you suffered as a result of the actions complained of in the Complaint. Please itemize these damages with as much particularity as possible.

**ANSWER:**

Ruined credit, major health issues including anxiety attacks, sleepless nights, depression, missed work, headaches so bad I would be sick, throwing up and miss work. Lack of focus on work due to wrong doing every minute....

**INTERROGATORY NO. 10:**

State all facts that support your contention in Paragraph 21 that your "physical and emotional condition has deteriorated."

**ANSWER:**

Not knowing that any day I may come home from work and find that my home was gone caused me to suffer severe physical and emotional damage. As a

stress eater I have gained 30 lbs. I take daily medication and worry 24/7. I continued to make payments and call Chase with no help.

### INTERROGATORY NO. 11:

State all facts that support your contention in Paragraph 29(e) that your "good credit rating has been destroyed."

### ANSWER:

See attached credit report....

### INTERROGATORY NO. 14:

State all facts that support your contention in Paragraph 29(g) of your Complaint that you "[s]aw family physician for severe depression and anxiety attacks requiring Prozac, sleeping pills and other medication."

### ANSWER:

1st I was prescribed prozac but now I am on citalogram 20 mg. per day. I have had to take Abein [sic] for sleep. I currently do not take sleeping pills. I currently take Tramadol 50 Mg. as needed (usually once a week) for headaches and stress).

### INTERROGATORY NO. 15:

Identify all physicians, psychologists, therapists, psychiatrists and/or other medical or mental health professionals that you have seen in the last four (4) years.

### ANSWER:

Dr. Brown, M.D.; Dr. Hu, M.D. (current doctor); Dr. Kelly, M.D....

### INTERROGATORY NO. 18:

State all facts that support your contention in Paragraph 32 of your Complaint that you experienced "severe financial loss and devastating emotional distress."

### ANSWER:

I am driving an old car because I can't get credit to purchase a car unless I pay 26 to 30 percent interest. I have spent $500.00 on filing this lawsuit plus Mr. Johnson's fee. Money loss from missed work. $800.00 for mediation.

(ECF No. 38-2, PP. 5-10).  Upon consideration of the foregoing, the Court finds a genuine issue of material fact remains with respect to whether Plaintiff possesses sufficient evidence of damages caused by Defendant's actions, and so this portion of Defendant's Motion for Summary Judgment must be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 34) is **DENIED** in part and **DENIED** as moot in part, in accordance with the foregoing.


Dated this 18th day of July, 2012.


/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE